IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KAREN LEWIS, ) | Case No. 1:24-CV-00325 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |

Plaintiff, Karen Lewis, filed a complaint challenging the final decision of the Commissioner of the Social Security Administration, denying her application for benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq*. The court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation. Lewis has requested leave to proceed *in forma pauperis* ("IFP") in this matter. For the reasons set forth below, I recommend that her IFP application be DENIED

I. **Background**

On February 21, 2024, Lewis filed a complaint challenging the Commissioner's decision denying her application for disability insurance benefits. ECF Doc. 1. Lewis also filed a motion to proceed IFP. ECF Doc. 2. On the forms attached to her application, Lewis indicated that she is currently supported by her family, stating that her adult children and family assist in covering

her essential bills.[1]  *Id.* at 4.  But she did not provide any additional information about the finances of her family members.  *See id.*

On February 26, 2024, Lewis was ordered to, by March 5, 2024, either: (i) pay the filing fee; or (ii) submit a revised financial affidavit that includes a statement of the resources of her family (those who currently support her) and their ability to pay the fee.  ECF Doc. 5.  That deadline has passed and Lewis has neither paid the filing fee nor submitted a revised financial affidavit.

## II.     Law & Analysis

Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefore."  *See* 28 U.S.C. § 1915(a)(1).  A sufficient affidavit "demonstrates that one cannot, because of his or her poverty, afford to pay the costs of litigation and still provide for the necessities of life."  *Laslau v. Comm'r of Soc. Sec.*, No. 16-CV-11372, 2016 U.S. Dist. LEXIS 80296, at *2 (E.D. Mich. June 21, 2016) (internal quotation marks omitted).  The assets of individuals providing support for the applicant may also be considered in some circumstances.  *Dawn T. v. Comm'r of Soc. Sec.*, No. 3:22-CV-0073, 2022 U.S. Dist. LEXIS 107355, at *2-3 (D. Conn. June 16, 2022) (ordering the plaintiff to supplement her IFP motion because she indicated she was supported by her boyfriend and his mother but did not provide any information about their finances).  The Sixth Circuit has recognized that "pauper status does not require absolute destitution."  *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239,

---

[1] Her affidavit shows that her total monthly expenses are more than double her only source of income (retirement).  *See* ECF Doc. 2 at 1-4.

240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2nd Cir. 1988)). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.* It is within the court's discretion whether to allow a litigant to proceed IFP. *Foster*, 21 F. App'x. at 240.

Here, the financial information of Lewis's family members (those who currently support her) is legally relevant to the determination of whether she should be authorized to proceed IFP. Because she has not provided that information, or otherwise responded to the court's order, she has not demonstrated that she is unable to pay for the cost of her litigation and still provide for herself.

Accordingly, I recommend that Lewis's motion to proceed IFP (ECF Doc. 2) be DENIED and that she be ordered to pay the filing fee. Should the court adopt my recommendation, I further recommend that, if Lewis has failed to pay the filing fee within two weeks of the court's adoption the above recommendation, her case be dismissed. *See Laslau*, 2016 U.S. Dist. LEXIS 80296, at *4 (adopting a magistrate judge's recommendation that IFP be denied to a plaintiff who refused to provide his financial information and warning that, if the fee was unpaid, his case would be dismissed).

Dated: March 11, 2024

Thomas M. Parker
United States Magistrate Judge

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).

4