IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| KAREN LEWIS, | ) | CASE NO.1:24-cv-00325-DCN |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | REUBEN J. SHEPERD |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| Defendant. | | |

**I.     Introduction**

Plaintiff, Karen Lewis ("Lewis"), seeks judicial review of the final decision of the Commissioner of Social Security, denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. This matter is before me pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and Local Rule 72.2(b). Because Lewis has failed to pay her filing fee, I recommend her case be dismissed.

**II.     Procedural History**

On February 21, 2024, Lewis filed the instant Complaint against the Commissioner of Social Security, challenging his denial of her claim as contrary to the evidence and the Social Security Act. (ECF Doc. 1). Along with her Complaint, Lewis filed a motion to proceed *in forma pauperis* ("IFP"). (ECF Doc. 2). After review, the magistrate judge determined a supplement was necessary to clarify Lewis's financial position. (*Id.*). As such, the magistrate judge ordered Lewis

1

by March 5, 2024 to either (i) pay the filing fee; or (ii) submit a revised financial affidavit with additional information to assist the court in determining whether she was entitled to proceed without paying a filing fee. (*Id.* at p. 2). Lewis made no response, and on March 11, 2024, the magistrate judge issued a Report and Recommendation recommending that Lewis's IFP motion be denied. (ECF Doc. 6). Included in that Report and Recommendation was a further recommendation that Lewis's case be dismissed after two weeks if she failed to pay the filing fee. (*Id.* at p. 3). On April 1, 2024, after the time for objections had passed – during which no objections were filed or fee paid – the District Court adopted the Report and Recommendation of the magistrate judge. (ECF Doc. 7).

On April 2, 2024, this case was reassigned to me. (Non-document entry of April 2, 2024). The transcript was filed by the Social Security Administration on April 16, 2024. (ECF Doc. 8). Lewis was again reminded of her obligation to submit her filing fee on April 22, 2024. (Non-document entry of April 22, 2024). As yet, Lewis has failed to pay her filing fee.

**III.     Discussion**

Lewis previously filed an *in forma pauperis* motion for waiver of her filing fee, which this Court denied. She was then required to pay the $405.00 filing fee, but did not, effectively stalling her case. Because she has failed to pay her filing fee, and because she has failed to respond to any of the Court's orders or notices since first filing her complaint in this Court, I recommend the District Court dismiss her case in its entirety.

Title 28 U.S.C. § 1915(a) permits courts to authorize "the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits and affidavit . . . that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1). The purpose of this provision is to ensure "equal access to the judicial system by allowing [indigent claimants] to proceed without

2

having to advance the fees and costs associated with litigation." *Woolverton-Jones v. Comm'r of Soc. Sec.*, No. 1:21-CV-01027-JDB-JAY, 2021 WL 12268157, at *1 (W.D. Tenn. May 10, 2021). The determination of whether to grant an application to proceed IFP is within the discretion of the court. *Bryant v. United States*, 618 F. App'x 683, 685 (Fed. Cir. 2015). Proceeding IFP "is a privilege, not a right." *Committe v. John Carroll Univ.*, No. 1:18CV01372, 2019 WL 913054, at *4 (N.D. Ohio Feb. 25, 2019) (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)).

Here, Lewis has failed to supplement her IFP affidavit with additional information as requested by the court. In the absence of a sufficient supplement to her affidavit, she was required to pay her filing fee, which she also has not done. In the earlier Report and Recommendation, she was given two weeks from April 1, 2024 to provide the supplement or fee, or else risk dismissal of the case. (ECF Doc. 6, p. 3 and ECF Doc. 7). She was again noticed of these deficiencies on April 22, 2024. (Non-document entry of April 22, 2024). In all, Lewis has failed to advance her case at its very initial stages, and I determine that recommending dismissal has become necessary.

For these reasons, I recommend the District Court dismiss Lewis's case without prejudice.

## IV.     Conclusion

Because Lewis has failed to pay her filing fee, I recommend the District Court dismiss her case without prejudice.

Dated: June 24, 2024

Reuben J. Sheperd
United States Magistrate Judge

---

### OBJECTIONS

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, \*2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).